GARRISON, Judge.
Defendant Hodges appeals from his jury conviction of armed robbery.
On June 9, 1981, Charles Hodges was charged with armed robbery, a violation of La.R.S. 14:64, along with David Hender-shot. Both Hodges and his co-defendant pled not guilty at arraignment. On the day of trial, June 29, 1982, Hodges moved for a severance, which was granted. Trial continued as to Hodges only on the following day.[1] After hearing the evidence the 12-member jury returned a unanimous verdict of guilty as charged. The trial court sentenced Hodges on July 9, 1982, to serve ninety-nine years at hard labor. From this conviction and sentence the defendant appeals.
On appeal the defendant requests only that this court review the entire record for errors patent on the face of the record. Our review of the record reveals no such error patent. Recent jurisprudence, however, suggests that we also review the record for “sufficiency of evidence.” Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Raymo, 419 So.2d 858 (La.1982). We have therefore done so.
The record reveals the following facts: On January 15,1980, at about 9:00 p.m., the defendant entered the Fast Stop Food Store on Gentilly Boulevard in New Orleans, accompanied by David Hendershot and Jessie Johnson. Hodges and Hendershot robbed an employee at gunpoint, taking money and hats, and Johnson was the “wheel man.” The armed robbery was recorded on videotape, and the employee of the store positively identified Hodges both at a pre-trial lineup and at trial.
The co-perpetrators, Hendershot and Johnson, both testified against Hodges at trial. Hodges himself readily admitted participation in the armed robbery; however, he denied any recollection of the actual incident because, he testified, he had been smoking marijuana which must have been laced, without his knowledge, with “angel dust” (PCP).
The evidence against the defendant is overwhelming: (1) two separate positive identifications of Hodges by the victim of the robbery; (2) the testimony of the two co-perpetrators; (3) the filming of the robbery on videotape; and (4) Hodges’s own admissions. The jury obviously rejected the defendant’s claim that he did not know where he was or what he was doing because of his drugged condition.
Although intoxication or a drugged condition can be a defense to a crime which requires specific intent, La.R.S. 14:15, the evidence in this case is such that the jury could easily have rejected this defense. Not only did the jury have the benefit of direct testimony by the victim and the two co-perpetrators of the crime, it also had a videotape of the incident, and the defendant’s own testimony which, while attempting to be exculpatory, was replete with contradictions. Hodges claimed to have drawn a blank as to the robbery itself, yet he recalled such details as how many joints he rolled and smoked prior to the robbery, *256 as to dropping the gun and seeing it discharge during the robbery, and as to the police chase after the robbery. The jury was not in error in rejecting the defendant’s selective memory of the robbery.
We conclude that any rational finder of fact, viewing the evidence in a light most favorable to the State, could have concluded that every element of the crime or armed robbery had been proved beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Fuller, 414 So.2d 306 (La.1982).
Defendant’s conviction and sentence are therefore affirmed.
AFFIRMED.

. David Hendershot pled guilty on the same day and received consideration for his testimony against Hodges.